LINDA CLAXTON, CA Bar No. 125729
linda.claxton@ogletreedeakins.com
ALEC HILLBO, CA Bar No. 287185
alec.hillbo@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:    213.239.9800
Facsimile:     213.239.9045

Attorneys for Defendant
ADT LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDHER FLORES, individually, and on behalf of other members of the general public similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>ADT LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. __16-124_____<br><br>(Kern County Superior Court Case No. BCV-15-101564)<br><br>**NOTICE OF REMOVAL BY DEFENDANT ADT LLC**<br><br><u>CLASS ACTION</u><br><br><br>Complaint Filed:   November 25, 2015<br>Trial Date:              None |

Case No. _____
NOTICE OF REMOVAL BY DEFENDANT ADT LLC

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant ADT LLC (hereinafter referred to as "Defendant"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Kern, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), 1441 and 1446.

Defendant's Notice of Removal is based upon and supported by the following:

## THE STATE COURT ACTION

1. On or about November 25, 2015, Plaintiff Edher Flores ("Plaintiff"), as an individual and on behalf of others similarly situated, filed an unverified Complaint (the "Complaint") in the Superior Court of the State of California, in and for the County of Kern, entitled "EDHER FLORES, individually, and on behalf of other members of the general public similarly situated vs. ADT LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive, Case No. BCV-15-101564" (the "State Court Action").

2. The County of Kern is within the territory of the United States District Court for the Eastern District of California.  (1) Plaintiff's Complaint asserts causes of action for: Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 1182.12, 1194, 1197, and 1197.1 (Unpaid Minimum Wages); (3) Violation of California Labor Code §§ 226.7 & 512(a) (Failure to Provide Meal Periods); (4) Violation of California Labor Code § 226.7 (Failure to Provide Rest Periods); (5) Violation of California Labor Code §§226(a) and 1174(d) (Non-Compliant Wage Statements and Failure to Maintain Records); (6) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (7) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and (8) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices).

3. The Complaint was served on Defendant on December 9, 2015 when a copy

1 was hand-delivered to CT Corporation, its registered agent for service of process.  Exhibit A. True and correct copies of all other documents filed in the State Court Action that have been served on Defendant are attached with Exhibit A

4.     Defendant answered Plaintiff's Complaint in the Kern Superior Court on January 8, 2016.  A true and correct copy of such Answer is attached hereto as Exhibit B.

## THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY PURSUANT TO THE CLASS ACTION FAIRNESS ACT

5.     On February 18, 2005, the Class Action Fairness Act of 2005 ("CAFA") was enacted.  In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds the sum or value of $5 million, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  While there are a number of exceptions to this rule of original jurisdiction contained in amended 28 U.S.C. §§ 1332(d)(3)-(5), none of them are applicable here.

6.     This Court has original jurisdiction over this case under CAFA in that it is a civil action filed as a class action wherein the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different than Defendant.  *See* 28 U.S.C. § 1332(d).

7.     Plaintiff's Complaint asserts claims on behalf of a class of aggrieved employees who allegedly suffered "wage and hour violations" as well as other causes of action (the "Putative Class").  *See* Complaint at ¶ 2.  Plaintiff has alleged a class of persons that includes Service Technicians in California from August 18, 2013 to the present.  Complaint ¶ 13.  Plaintiff also alleges a class of persons who received incorrect wage statements from November 26, 2014 to the present.  Complaint ¶ 14.

8.     Although Plaintiff's Complaint does not allege specifics as to the number of persons who meet the class definition, Defendant has undertaken a count and has concluded that there are more than 100 such persons, and as such CAFA's exception for classes of

1  fewer than 100 persons does not apply.  *See* 28 U.S.C. § 1332(d)(5)(B).

2      9.    Under 28 U.S.C. § 1453(b) of CAFA, "a class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether a defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."  CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens, when one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

    10.    Plaintiff was, at the time of the filing of the Complaint, and still is, a resident and citizen of the State of California.  Exhibit A, ¶ 4.

    11.    "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  ADT was, at the time of the filing of this action, and remains, a Delaware limited liability company with its principal place of business in Boca Raton, Florida.  *See* Complaint at ¶ 5.

    12.    A corporation shall be deemed to be a citizen of any State where it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Principal place of business refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities, sometimes called the "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010).  ADT consists of one member—ADT U.S. Holdings, Inc.—which was at all times incorporated in Delaware and its corporate headquarters is located in Boca Raton, Florida.

    13.    Moreover, ADT's corporate headquarters likewise is located in Boca Raton, Florida.

    14.    Boca Raton, Florida is also where ADT's "high level" officers (including its Chief Executive Officer) direct, control, and coordinate ADT's business operations.

15. ADT's core executive and administrative functions are carried out in its headquarters in Florida, including but not limited to all legal work and analysis, policy-making and decisions, corporate communications (internal and external), advertising and marketing, and computer operations. Therefore, ADT is a citizen of both Delaware and Florida, and is clearly not a citizen of California.

16. Based upon the foregoing, minimal diversity is established because named Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Florida.

17. There are no other defendants whose consent or joinder are required for removal.

18. Intra-district assignment to the Sacramento Division of this Court is proper because the case was originally filed in the California Superior Court in and for the County of Kern.

## AMOUNT IN CONTROVERSY

19. Section 28 U.S.C. § 1332(d) of CAFA authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. Plaintiff's Complaint is silent as to the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim."). Defendant need only establish by a preponderance of the evidence that Plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

20. While Defendant denies the validity of Plaintiff's claims and requests for relief, Plaintiff's claimed damages are in excess of the jurisdictional minimum. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in

1  notice of removal, combined with plaintiff's allegations, sufficient to support finding of
2  jurisdiction); *DeAguillar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that
3  "defendant can show by a preponderance of the evidence that the amount in controversy is
4  greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67
5  (9th Cir. 1992); *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003) (facially
6  apparent from the lengthy list of damages, combined with a claim for attorney's fees, that
7  plaintiff's claim exceeded the jurisdictional threshold).

8  21.  Plaintiff's First Cause of Action asserts unpaid overtime. Complaint at ¶¶ 38-
9  54. Plaintiff seeks to recover the unpaid overtime compensation for himself and the alleged
10  class. *Id.* at ¶ 54. He asserts a class from August 18, 2013 until trial. Complaint ¶ 13.

11  22.  Defendant has collected records relating to the alleged putative class and
12  those records show that, during the time period, Defendant had approximately two hundred
13  Service Technicians who worked shifts during the entire class period at an average of
14  approximately $26.00 per hour. Plaintiff asserts that he "typically worked eleven (11) hour
15  or more per day." Complaint at ¶ 4.  Assuming conservatively that employees worked fifty
16  weeks per year and assuming six hours of unpaid overtime per week for two years (a total
17  of 100 weeks), the amount in controversy on this claim alone is **$4,680,000** (6 hours at
18  $39/hour * 100 weeks * 200 employees).

19  23.  Plaintiff's Third Cause of Action asserts failure to provide first and second
20  meal periods.  Complaint at ¶¶ 60-71. Plaintiff specifically asserts that Defendant
21  "prevented Plaintiff and class members from taking <u>all</u> timely, uninterrupted thirty (30)
22  minute meal periods …." Complaint ¶ 65. During the time period asserted, Defendant had
23  approximately two hundred Service Technicians who worked shifts during the entire class
24  period at an average of approximately $26.00 per hour.  Even assuming conservatively that
25  employees worked fifty weeks per year and that that there were two meal period violations
26  per week for two years (a total of 100 weeks), the amount in controversy on this claim
27  alone is more than $**1,040,000** (2 * $26 per hour x 100 weeks * 200 employees).

28  24.  Plaintiff's Fourth Cause of Action asserts failure to provide rest breaks.

1  Complaint at ¶¶ 72-79.  Plaintiff asserts that Defendant "regularly failed to authorize and
2  permit Plaintiff and class members to take ten (10) minute rest period per each four (4) hour
3  period worked or major fraction thereof."  Complaint ¶ 77.  Even assuming conservatively
4  that employees worked fifty weeks per year and that there were two rest period violations
5  per week for two years (a total of 100 weeks), the amount in controversy is more than
6  $<u>1,040,000</u> (2 * $26 per hour x 100 weeks * 200 employees).

7      25.  Defendant has undertaken to quantify the amount that would be owed by
8  Defendant to the Putative Class if the foregoing allegations of the Plaintiff were true.
9  Based upon such calculation, the amount that would be owed is in excess of five million
10 dollars ($5,000,000).  Indeed, the amount in controversy from Plaintiff's First, Third, and
11 Fourth Causes of Action alone amounts to more than six million seven hundred and sixty
12 thousand dollars (**$<u>6,760,000</u>**).  Therefore, without even considering Plaintiff's additional
13 causes of action for "waiting time" and wage statement penalties, the amount in
14 controversy requirement is plainly satisfied here.  *See* 28 U.S.C. §§ 1332(d)(2).

15     26.  In addition to the claims discussed above, Plaintiff's Fifth Cause of Action
16 alleges non-compliant wage statements.  Complaint at ¶¶ 80-89.  Section 226(e) provides
17 that a prevailing plaintiff may recover "the greater of all actual damages or fifty dollars
18 ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100)
19 per employee for each violation in a subsequent pay period, not to exceed an aggregate
20 penalty of four thousand dollars ($4,000), and is entitled to an award of costs and
21 reasonable attorney's fees."  Cal. Lab. Code § 226(e).

22     27.  Such claims under Section 226 are subject to a one-year limitation period,
23 which in this case is November 26, 2014 to the present.  *See id.*; Cal. Code Civ. Proc. §
24 340.  "Actual damages" incurred by members of the putative class is not presently known.
25 As such, Defendant calculates the amount in controversy based on the per-pay-period
26 penalty amounts set forth in Cal. Lab. Code § 226(e).  Based on Defendant's records, at a
27 minimum, the Service Technician portion of the Putative Class could be entitled to
28 $800,000 ($4,000 x 200 employees = $800,000).

28. The total amount in controversy based on paragraphs 22-24 and 27 above is approximately $<u>**7,560,000**</u>.

29. In addition to the foregoing, the FAC seeks an award of attorneys' fees and costs. It is well-settled that in determining whether a complaint meets the amount in controversy requirement, the Court should consider attorneys' fees. *See e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts). If an award of attorneys' fees of 25% (a generally accepted standard in cases such as this one) is added to the above, it would equal $7,560,000 x 1.25 = **<u>$9,450,000</u>**.

30. Stated another way, Plaintiff himself states that his "share of damages, penalties, and other relief sought in this action does not exceed **$75,000**." Complaint at ¶ 1 (emphasis added). Defendants' records show that, during the time period, approximately two hundred Service Technicians worked shifts. Even assuming damages, penalties and other relief at $50,000 per individual, the Putative Class could be entitled to $10,000,000 ($50,000 * 200 employees).

31. Therefore, inasmuch as these calculations do not even include amounts for Plaintiff's other monetary claim for unpaid minimum wages and wages not paid timely on termination, it should be beyond doubt that the amount in controversy here exceeds $5,000,000.

## NOTICE AND SERVICE REQUIREMENTS ARE MET

32. As required by 28 U.S.C. §1446(b), the original Notice was filed within 30 days after Defendant was first served with a copy of Plaintiff's Summons and Complaint. Defendant removes based on its own information because the Complaint does not state on its face the amount in controversy.

33. As required by 28 U.S.C. §1446(d), Defendant provided notice of this removal to Plaintiff through his attorneys of record.

34. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, in and for the County of

Kern.

35. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant removes the above-action to this Court.

DATED: January 8, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   /s/ Linda Claxton
     Linda Claxton

Attorneys for Defendant
ADT LLC